D+F

23-cv-10514 (VSB)

Dear Honorable Vernon S. Broderick, United States District Judge,

Thank you for allowing me to explain myself better. I was rushing. I should had a table of context with each section. K.D. Hogans



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
KEISHA D. HOGANS,                                              :
                                                               :
                                    Plaintiff,                 :
                                                               :   23-CV-10514 (VSB)
                     -against-                                 :
                                                               :   <u>**ORDER**</u>
N.Y.C. COMPTROLLER'S OFFICE, *et al.*,                         :
                                                               :
                                    Defendants.                :
                                                               :
-------------------------------------------------------------- X

<u>VERNON S. BRODERICK, United States District Judge</u>:

  On November 29, 2023, Plaintiff, proceeding pro se, paid the filing fee and filed this action against Defendants. (Doc. 1.) Plaintiff is therefore responsible for serving the summons and complaint on Defendants. However, Plaintiff has not requested a summons from the Clerk's Office nor taken any other action to prosecute this case. Accordingly, I ordered Plaintiff, on February 29, 2024, to "submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m)." (Doc. 3.) My Order warned Plaintiff that "failure to submit a letter and to demonstrate good cause for failure to serve Defendants within ninety days after the complaint was filed will result in dismissal of this action." (*Id.*) Because Plaintiff is proceeding pro se, I will provide her with one more opportunity to demonstrate an intent to prosecute this case. Accordingly, it is hereby:

  ORDERED that by, April 12, 2024, Plaintiff shall file a letter demonstrating her intent to prosecute this case. Failure to comply with this order will result in dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

  The Clerk of Court is respectfully directed to mail a copy of this Order and the Order at

Doc. 3 to Plaintiff at her current address.

SO ORDERED.

Dated:  March 17, 2024
        New York, New York

VERNON S. BRODERICK
United States District Judge

```
MIME-Version:1.0
From:NYSD_ECF_Pool@nysd.uscourts.gov
To:CourtMail@localhost.localdomain
Message-Id:<30990775@nysd.uscourts.gov>
Subject:Activity in Case 1:23-cv-10514-VSB Hogans v. N.Y.C. Comptroller's Office
 et al Order
Content-Type: text/plain
```

This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Southern District of New York

Notice of Electronic Filing

The following transaction was entered on 3/18/2024 8:18 AM EDT and filed on 3/17/2024

Case Name: Hogans v. N.Y.C. Comptroller's Office et al
Case Number: 1:23-cv-10514-VSB https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?611303

Filer:

Document Number: 4

Copy the URL address from the line below into the location bar of your Web browser to view the document:
https://ecf.nysd.uscourts.gov/doc1/127135115262?caseid=611303&de_seq_num=38&magic_num=MAGIC

Docket Text:
 ORDER: Accordingly, it is hereby: ORDERED that by, April 12, 2024, Plaintiff shall file a letter demonstrating her intent to prosecute this case. Failure to comply with this order will result in dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to mail a copy of this Order and the Order at Doc. 3 to Plaintiff at her current address. SO ORDERED. (Signed by Judge Vernon S. Broderick on 5/17/2024) (rro)


1:23-cv-10514-VSB Notice has been electronically mailed to:


1:23-cv-10514-VSB Notice has been delivered by other means to:
Keisha D. Hogans
38 Monroe Street
Apt. EC-12
New York,  NY 10002



The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: n/a
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1008691343 [Date=3/18/2024] [FileNumber=30990774-0]
[035acf17585898825ccdba14f2c680fd4059710219062a204d3517829d7b44f02a83697afe030760
b8824d29e8b281a215063d7d3258abf0c27f532304a725984]]

Keisha D. Hogans
38 Monroe Street
Apt. EC-12
New York, NY 10002

-----------------------------------------------------------

Due Date 4/12/24

Dear Honorable VERNON S. BRODERICK, United States District Judge,

I appreciate you extending my time to explain myself. I apologize for not responding earlier, but this has been very stressful for me. I had to have a friend read both letters because I had panic attacks just looking at the envelopes. I am grateful for the court awarding me some the leniency to explain myself better. I still do not understand how I was on trial to be terminated when the NYC Comptroller's office knew they violated not just my civil rights, but also my constitutional rights, by denying me due process and a fair trial, even though I am not the one who should have been on trial.

**Title VII violations**- On Friday, February 2,2018 around 10 am, <u>Arthurene Kilgore</u>, <u>Lisa Walker</u>, <u>Genovia Partlow</u> and <u>Yomaira Malave</u> were having a conversation about a video that Arthurene sent to these women about a large Black man's penis on Thursday, February 1, 2018, between 7pm-9 pm. Y.M. said, "She could not really look at the video because she was in class." My colleagues were talking for about 90 minutes about this video and their sexual escapades with men who had large penises. A.K. told <u>Deborah Hope</u>, "Debbie, I will send you the video." Deborah Hope yelled at A.K., "Don't send me that sh.t." A.K. sat right behind me and D.H. stopped that conversation once she yelled. A.K. was quiet for a while before she yelled at <u>Jean Corbett</u>, our manager, "Jean, I have to show you this video."

Around 2 pm, on Friday, February 2,2018, J.C. and Y.M. were talking at Y.M. cubicle. A.K. walked up to both women, pulled out her personal cellphone, played the video, and the 3 of them began discussing it. J.C. said, "what is that an umbrella?" J.C. said, "I am doing that to my husband tonight." J.C., A.K., and Y.M. were talking loud in the scan area, which is in the middle of our unit, about this video of a large Black man's penis. The 3 women were standing behind Obeng Dwamena, who sat in front of Y.M. at that time. I stood up to look at the 3 of them because I could not believe what I was witnessing. I heard them talking about this large Black penis like we weren't at work.

I emailed Nicole Andrade, esq. who was an Assistant Comptroller of H.R. at the time, then I emailed Diane Randall, our EEO officer. The email was sent on Friday, February 2, 2018, around 2:45 pm. Their conversation took place behind Obeng Dwamena cubicle, he heard them talking about this video. O.D. yelled out loud what kind women's meeting is taking place back there? O.D. is loud, so when he yelled it was easy to hear him. The three of them lowered their voices but kept on talking about the video. I walked over to Douglas Decker if he heard O.D. and he said, "yes." D.D. looked up at the 3 women and I said, "they are watching a porn." D.D. looked up at the 3 of them watching the video, shook his head and said, "another day in C.I.F."

I waited until January of 2019 to file with NYS Human Rights Commission and EEOC because I felt management would retaliate against me. I emailed the EEO officer from 2019-2023 telling her that the video was never subpoena into evidence. As an EEO Officer, Diane Randall knew that since 1999 digital forensic evidence has been used in sexual harassment cases. EEO officer, Randall filed reports with NYC Human Rights Commission, NYS Human Rights Commission, and EEOC stating that she did not find any violations; yet she only asked management. EEO officer, Randall filed false reports to NYC, NYS, and EEOC because she never conducted a separate investigation. If EEO Randall would have used her resources, then she would have know that the video on A.K.'s personal cellphone was never subpoenaed into evidence, management offered Y.M. a supervisory position for claims{Y.M. testimony pg. 536}, retaliation, and age discrimination.

My primary care physician, Dr. Gautreaux, has the email conversation between me and T-Mobile headquarters. A.K. and I are both T-Mobile customers. I was informed on <u>Wednesday, August 5, 2020</u> at 2pm that not only could the video have been retrieved with a subpoena, but that T-Mobile's storage is for 5 years. My therapist, Merry Weitzman and my psychiatrist, Dr. Haseeba have this email as well. I submitted the charges, ruling, and all of my evidence to my medical team. The 3 medical professionals caring for my mental all diagnosed me with P.T.S.D. This was caused by being on the fraudulent trial , exculpatory evidence being suppressed, no investigation, loss of income, reputation destroyed, and the slanderous remarks about my character. My medical team has my appeal written on June 17, 2022 by Michael Coviello, Assistant General Counsel of DC37. Michael Coviello, esq. wrote on page 4-6 states, "I was denied due process... My employer did not make good faith efforts to investigate....The pornographic video was missing from evidence." None medical team can understand how all this evidence was missed and I was still brought up on charges despite witnesses and evidence. The NYC Comptroller's general counsel denied my constitutional rights of due process by refusing to investigate and recognize the evidence, yet claimed I filed false reports and my misconduct should have me terminated from an agency I have been with 30 years without any disciplinary problems.

Dr. G and my therapist suggestion I take a leave of absence the spring of 2022, which was months after the fraudulent 4 week suspension without pay from 2/2/22-3/7/22. My medical team really wanted me to take 8 weeks of leave to heal, then work remotely for 6-12 months. I, only took 4 weeks and starting working on my reasonable accommodation to work remotely full-time. Dr. G wanted me to also speak to a psychiatrist to get on anxiety

Page 1 of 2

medication. I found one through Valera health. Dr. G respected my therapist's diagnosis, but wanted to hear from a psychiatrist as well, hence I have 3 medical professionals monitoring my mental health and giving me support. My primary physician, Dr. G is with Emblem Health. My therapist, Merry Weitzman is with Beacon health, and Dr. Haseeba is with Valera health. None of these office are affiliated and my medical team does not have a personal relationship with the each other. Neither one of them would cover for me and write up false medical reports to help me and I would not be their patient, if they did violate laws.

I submitted supporting medical paperwork from the 3 of them to EEO officer, D.R. to request a reasonable accommodation to work remotely for 6-12 months to heal. D.R. wanted to speak to my medical team without a HIPPA form. D.R. asked for my D.O.B. and address and said, "She needed this information to speak to my primary care physician and if she asked for a HIPPA, then she would back in touch with me." I gave it to her and reminded her of the NYC reasonable accommodation law and HIPPA requirements. D.R. ignored me and spoke to my manager, Jean Corbett as opposed to my medical team, then rejected my request. I gave D.R. another group of paperwork in January for reasonable accommodation, sent her the laws on HIPPA, and asked her to give me a list of questions she wants to ask my medical team. I still have not received the questions. My medical team does not want me around those who testified to have me terminated knowing they all committed perjury.

D.R. is not only ignoring Title VII violations but she is also rejecting reasonable accommodations and not obeying the HIPPA laws. On May 5,2021, Jean Corbett admitted under oath while under direct examination that during the internal investigation on 3/28/19, that she wrote an affidavit with statements from my colleagues that I should be terminated for filing false civil rights complaints. J.C.'s actions was obviously retaliatory and J.C. admitted it in court. Former investigator, Shelly Ann Wilkinson of Comptroller's general counsel, testified while under oath during on January 21, 2021 around 1 pm that she ONLY investigated me. Since I was the only one investigated, how could anyone write that I filed false reports. If outside agencies would have conducted investigation of the Comptroller's office years ago, then I would not have been brought up on charges.

I told D.R. for years the video was missing and she also ignored me and the missing evidence, which proves her report findings to NYC H.R.C. NYS H.R.D, and EEOC were fraudulent. If NYC, NYS, or EEOC would have conducted a field investigation and spoke to colleagues as well are reviewed evidence, then I would have never been brought up on charges, endured going to trial, and losing pay from that suspension. The agencies who are supposed to investigate Title VII violations are not and this goes for all levels of government.

**Work place violence-** On 10/11/13 Y.M. text me calling me a b.tch. I emailed Michael Bott, our former Chief Information officer, which was also our Bureau Chief and J.C. Neither one of them responded. I emailed general counsel and human resources. During trial in 2021, Y.M. testified on pg. 562 that she was never disciplined for her actions. Y.M. was given a compressed schedule to attend school and no one else was offered this benefit. This happened during Liu's administration and Y.M.'s misconduct was condoned by management, general counsel, and human resources.

Y.M. referred to me as a "dark cloud and a warden." Management condoned those degrading remarks as well. I called Y.M. lazy and Ronal Katz gave me a written warning stating my behavior fell under misconduct. According to Ron Katz calling a Black woman a dark cloud is not misconduct, but me calling Y.M. lazy is appropriate office behavior according to director Ronald Katz, who was hired under Scott Stringer's administration.

**D.O.I. email-** Yomaira Malave admitted under oath that she took 3 smoke breaks. Central Imaging Facility is a production unit and we are rated per our hourly production. When Y.M. would disappear, Douglas Decker would be asked to stop indexing claims aka lawsuits against NYC to help with contracts. If this was just a 5 minute break, Doug would not have been asked. If mgmt. or general counsel would have checked Y.M.'s Comptroller's or DCAS ID, then it would have stated the time length of her breaks. Douglas Decker should have been given a merit increase for at least $10,000. for doing extra work, due to Y.M. not being within C.I.F. working. This happened for years and D.D. wanted to file an official complaint, but was afraid because how management harassed me. Both Y.M. and R.K. were witnesses for general counsel to have me terminated.

Obeng Dwamena was another one of general counsel's witnesses. He was extremely disruptive and loud. O.D. would watch videos from social media, talk loud of the phone, or watch movies while the rest of us in C.I.F. were trying to work. O.D. would take lunch at 1 pm. then go back out for another lunch break at 3 pm to get food and would not start working again to about 4 pm. We noticed because O.D. would scan, so if we finished the claims he scanned in; those would index would have to find work until he decided to work again. Maurice Taylor would have to pick up where O.D. left out and scan work into the que since O.D. was MIA. M.T. would complete work in a few hours that would take O.D. about a day or maybe 2 to finish. Maurice Taylor was another employee who should have been given a merit

increase for at least $10,000. for doing extra work, due to O.D. not being in C.I.F. We work in the Bureau of Information Systems and Technology, everything is recorded and backed up on a Comptroller's office server; this goes for our ID's, time we logged in or out, time it took to complete computer related work, or time in between work.

On November 25, 2018 around 6pm, general counsel put legal hold on my H:drive to find evidence to have me terminated. General counsel did not subpoena A.K. personal cellphone records for the porn, or to check who else was involved with watching it on 2/2/18, or check Y.M. and O.D.'s ID's both were taking excessive unauthorized work breaks. The evidence on my hard drive was ignored like Charles Smith showing videos of feces, May 22,2017. D.D. and I talked about how disgusting it was and this was shown to O.D. General counsel ignored this and the changes management made to the metrics. If general counsel would have contacted Peraton; the company hired by the Comptroller's office to management the oaisis network; they would have known that a few employees should have received outstanding on their annual evaluations, like me. I am being paid $20,000. less than what I should be paid and if the metrics was audited, it would show that management has not been recording the correct statistics for their hard working employees.

I reported this to NYC Department of Investigation, NYS AG, and DOJ, but nothing happened. D.O.I. according to is supposed to follow Chapter 34 of the NYC Charter, enforce Executive Order #16, $ 12-113 Protection of sources of information; section 11 part b explains the Whistleblower Act, squad #5 failed to investigate the 2 elected NYC Comptrollers', (Scott Stringer and Brad Lander), who knew about my sexual harassment complaint. NYS AG James office-section 63 general duties (EXC) Chapter 18 article 5, this agency is supposed to enforce NYS Whistleblower Act as well as public integrity regarding politicians. Department of Justice is supposed to enforce federal Whistleblower Act. If these agencies would have conducted an independent investigation, I would have never been brought up on charges or suspended. Especially since Scott Stringer gave a press conference on 5/9/21 claiming sexual harassment was not tolerated in the Comptroller's office and I was on trial for filing a sexual harassment complaint. Comptroller Lander received my appeal on June 17,2022 and is aware that evidence is missing.

**DC37**- Richard Washington was my former employment attorney hired by DC37. R.W. withheld a lot of evidence that I gave him. R.W. also refused to subpoena A.K.'s personal cellphone records. My local president, Laura Morand, of DC37 text me on 3/30/22 at 4:43 confirming what I figured out. DC37 instructed R.W. not to submit the video. If the video, would have been submitted, then it would have shown I was telling the truth. J.C. watched porn at work with staff and that general counsel violated my constitutional rights by denying me due process. Kevin Casey, the judge at Oath ignored the missing video. NYC civil service commission ignored my appeal. NYC Department of Labor and NYC collective bargaining ignored how DC37 did not give me proper legal representation as per my contract. Also, union representation, Shayvonne Jones should have been my witness; but DC37 did not want her to speak on my behalf. DC37 was annoyed with me for exposing how they gave mgmt. permission to give us hourly quotas and never followed up to make sure their members were rated correctly. DC37 wanted me fired for exposing them.

I suffer from PTSD from denial of due process, and I should have never been on trial. My character was attacked, and work reputation destroy over he/she say gossip. I have strong work ethics, produced a lot of work, normally a great communicator, and I love helping people. My integrity was destroyed over gossip and not facts.

I should have never submitted my paperwork with a table of contents for each section that was paper clipped. I can arrange it better, during my lunch hour or take off while someone is watching me to make sure I do not take out or add documents. I just was nervous about the deadline and I missed so many before because I gave up. If there would have been an investigation, none of this would have happened. Taxpayers money was wasted and the wrong NYC employee was on trial. I did not lie and the evidence was suppressed from the court.

I appreciate you reading this. I only want someone to recognize evidence was missing and this happened inside of the NYC Comptroller's office under two different administrations. This started under Scott Stringer's administration, but continued under Brad Lander's time in office. Comptroller Lander's general counsel, Jessica Rivera received my appeal and it stated that I was denied due process and the video was never entered into evidence. Comptroller's Lander's administration should have reviewed my case and rectified this illegal activity. Again, I apologize and thank you. I cannot allow anyone to assassinate my character knowing I did not lie and evidence was suppressed. Plus, I have colleagues that want to file, but are afraid. This is bigger than me.

Sincerely,

Ms. Keisha Hogans

Keisha Hogans
38 Monroe St.
apt. EC-12
N.Y., N.Y, 10002

home number (212)-964-2840

Page 3 of 2