

| Office of the New York State Attorney General | Letitia James Attorney General |
|---|---|

June 16, 2025

**By ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    <u>Hogans v. N.Y.C. Comptroller's Office, et al. No. 23-cv-10514 (VSB)(OTW)</u>

Dear Magistrate Wang:

      Defendant the Office of the New York State Attorney General ("OAG") writes on behalf of itself and represents defendant Caroline J. Downey[1] of the New York State Division of Human Rights ("State Defendants") in the above-referenced matter brought by Plaintiff Keisha D. Hogans. State Defendants write in response to Plaintiff's letter requesting discovery, ECF No. 68, and to seek a stay in discovery pending resolution of State Defendants' fully briefed motion to dismiss ("State Motion"), ECF No. 21-23. State Defendants note that defendant DC-37 has sought the same relief. *See* ECF No. 69.

      **I.**    **Legal Standard For Stays Of Discovery**

      The Court may issue a stay pursuant to Fed. R. Civ. P. 26(c) for "good cause[.]" Fed. R. Civ. P. 26(c). A pending motion to dismiss can constitute "good cause" to stay discovery. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 85 F.R.D. 69, 72 (S.D.N.Y. 2013). In assessing whether a pending motion is good cause for a stay, courts consider: (1) whether the motion provides "substantial arguments" for dismissal; (2) the undue burden on defendant should discovery proceed; and (3) any prejudice that would result from a stay. *Id.*; *see also Nat'l Rifle Assoc. of Am. v. Cuomo*, No. 18 Civ. 566, 2020 WL 7338588, at *2 (N.D.N.Y. Dec. 14, 2020); *N.Y. by James v. P.A. Higher Educ. Assistance Agency*, No. 19 Civ. 9155, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020); *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997). A non-frivolous immunity defense weighs particularly strongly in favor of a stay, because immunity protects a defendant from the burdens of litigation, including discovery, and not merely from liability. *P.A. Higher Educ.*, 2020 WL 605944, at *2 (citing *Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018)).

---

[1]     The Complaint list this defendant as Civil Rights Commissioner Carolyn Downy, *see* ECF No. 1 at 2, but a letter included with the pleading shows the name and title as General Counsel Caroline J. Downey, *id.* at 96.

Hon. Ona T. Wang  Page 2 of 2
June 16, 2025

## II. The State Motion Constitutes "Good Cause" For A Stay

Plaintiff here asserts claims against State Defendants pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the American with Disabilities Act ("ADA"), Title II of the ADA, the Age Discrimination in Employment Act ("ADEA"), and federal and state whistleblower claims. *See* ECF No. 22 *generally*. State Defendants moved to dismiss on Eleventh Amendment sovereign immunity and failure to state a claim grounds. *Id.* The State Motion, if granted, would dispose of the Complaint, weighing in favor of a stay. *Rivera*, 1997 WL 86394, at *1. The three applicable factors (*Hong Leong*, 85 F.R.D. at 72) weigh strongly in favor of a stay.

- <u>Strength of the Motion:</u> The arguments in the State Motion are well-supported by case law from within the Second Circuit. Motion at 18-22. Most of State Defendants' arguments are based on law or undisputed facts. Plaintiff's Title VII and Title I of the ADA claims fail because none of State Defendants employed Plaintiff. ECF No. 22 at 8. Her Title II claim is subject to dismissal on both immunity and failure to state a claim grounds. *Id.* at 9-12. Sovereign immunity bars the ADEA claims, and the whistleblower claims fail on articulate a viable claim. *Id.* at 13-14. The nature of these substantial defenses and the unlikelihood that an amended complaint would remedy the deficiencies weigh in favor of a stay.

- <u>Burden on State Defendants:</u> Plaintiff's letter is hard to decipher in terms of discovery sought from State Defendants, but discovery into the OAG's activities, including its civil rights or public integrity mission, *see* ECF No. 68 at 3, would place an unacceptable burden on the OAG's activities. *See Rivera*, 1997 WL 86394, at *1.

- <u>Prejudice Resulting from a Stay:</u> The Complaint was filed November 29, 2023, with motion briefing only completed as of May 19, 2025. *See* ECF No. 1, 64-69. A stay until the potentially dispositive State Motion is decided will not unfairly prejudice Plaintiff. *P.A. Higher Educ.*, 2020 WL 605944, at *2; *Nat'l Rifle Assoc.*, 2020 WL 7338588, at *4; *Rivera*, 1997 WL 86394, at *1.

For these reasons, State Defendants request that the Court deny Plaintiff's motion to compel and grant a stay of discovery in State Defendants' favor.

Thank you for your attention to these matters.

    Sincerely,
    /s/ *Elizabeth A. Figueira*
    ELIZABETH A. FIGUEIRA
    Assistant Attorney General
    212-416-8528
    Elizabeth.Figueira@ag.ny.gov