RECEIVED SOUTHERN
DISTRICT OF NY

2025 JUL 32  PM 6: 52

August 1, 2025

**ORDER TO SHOW CAUSE**

23-CV-10514 (VSB) (OTW)

**Dear Honorable Ona T. Wang, United States Magistrate Judge,**

I am responding to the order to show cause since I wrote DOJ and EEOC in my federal case. I am still ProSe. I did not realize that the procedure for filing a lawsuit against a federal agency for negligence is different than the filing that I submitted for NYC, NYS, and DC37. I did look up the laws after this letter. I did not list DOJ and EEOC frivolously on my complaint.

I was seeking help from both federal agencies according to their mission statements. EEOC ignored my EEO complaints, in addition to ignoring my appeal written by Michael Ciovello, which clearly states that I was denied Due Process. EEOC's investigators had a responsibility to notify whatever federal agency deals with denial of Due Process and transfer my case to them. EEOC's investigators transferred my charge from New York, to Miami, to Puerto Rico, and not one EEOC investigator read how the main component in my sexual harassment complaint was about a video and that T-Mobile was never contacted to have a digital forensic investigation. As investigators of EEO complaints, EEOC must verify various forms of evidence for civil rights violation, and this was not done in my case. If the investigators at EEOC had followed their own agency procedures, then I would not have been brought up on fraudulent charges, on trial, suspended without pay, and developed PTSD due to my constitutional rights being violated.

According to the Department of Justice's Civil Rights Division, I could file a complaint with them, and I did. However, no one ever followed up or forwarded my complaint to another agency. There were the matters of civil rights violations, public integrity since I work for a NYC politician, Whistleblower Act violations, and Denial of Due Process. I thought I was filing it correctly. I did not realize that submitting my evidence to DOJ was not enough and that I had to file elsewhere. Again, if the DOJ had followed their laws governing their agency, then my case may not have been before the US Supreme Court. Maybe this would have been settled out of court, but the very least I would not have lost pay and had my work

# MY EEOC PORTAL with IGNORED EVIDENCE
## 520-2022-02173

8/29/23    NRTS Closure notice from William Sanchez

3/10/23    evidence

3/10/23    evidence

2/13/23    FW position statement from Carlos Gonzalez

1/18/23    Exhibits that I sent to NYC Office of Collective Bargaining to prove DC37's involvement.

1/18/23    Exhibits that I sent to NYC Office of Collective Bargaining to prove DC37's involvement.

1/18/23    Exhibits that I sent to NYC Office of Collective Bargaining to prove DC37's involvement.

1/9/23    Notice of Charge CP(1) William Sanchez

1/9/23    Notice of Charge CP Florence Ocampo

12/30/22    Local President of 2627, Laura Morand text admission of DC37 suppressing evidence.

12/30/22    Local President of 2627, Laura Morand text admission of DC37 suppressing evidence.

12/14/22    Notice of Charge transfer 2022-2023 Michell ChangQui transfer Miami.PDF.

10/17/22    NYC Compt. General Counsel ethics violations regarding my fraudulent charges.

7/8/22    Michael Coviello wrote on 6/17/22 in an appeal that evidence was missing due to no investigations from the NYC Comptroller's office. EEOC decision was based off of hearsay/gossip.

7/8/22    Michael Coviello wrote on 6/17/22 in an appeal that evidence was missing due to no investigations from the NYC Comptroller's office. EEOC decision was based off of hearsay/gossip.

7/6/22    Response to EEOC FINAL from NYC Comptroller's Office.

5/18/22    Evidence

5/18/22    Medical evidence for PTSD

5/18/22    T-Mobile evidence- video was never subpoenaed; proof there was never an investigation.

5/11/22    Amended Charge-Michell ChangQui

4/22/22    Charge of Discrimination public portal

If Carlos Gonzalez and William Sanchez had investigated my charge, then they would have read there was missing exculpatory evidence because no one investigated. DC37 and NYC Comptroller's office, both refused to subpoena A.K. personal cellphone records in 2019, 2020, 2021, and 2022 for the specific dates & time I requested. 5 yrs. later, it is still missing, but Judge Kevin Casey ruled that I lied. The video should have been entered as evidence. Red flags as to why both Comptroller's office and DC37 suppressed evidence and the fraudulent trial exposed the truth of years of Title VII violations. I did not lie.

example, one study cited in the report found that 90% of individuals who say they have experienced harassment never take formal action against the harassment, such as filing a charge or a complaint.[3]

# EEOC Charge Data (FY 2018 – FY 2021)

Between FY 2018 and FY 2021, the EEOC received a total of 98,411 charges alleging harassment under any basis and 27,291 charges alleging sexual harassment.

Of significant note is the increased number of sexual harassment charges received by the EEOC in the two years following #MeToo going viral in October 2017 (see Figure 1).



**Figure 1.** *Sexual Harassment Charge Receipts, FY 2014 – FY 2021*

SOURCE: U.S. EEOC, Integrated Mission System, Charge Data, FY 2014 – FY 2021.

In FY 2018, the EEOC received 7,609 sexual harassment charges compared to 6,696 in FY 2017 – an increase of 13.6%. Additionally, sexual harassment charges as a percentage of all harassment charges began increasing in FY 2018. Between FY 2018 and FY 2021, sexual harassment charges accounted for 27.7% of all harassment charges compared to 24.7% of all harassment charges between FY 2014 and FY 2017. Sexual harassment charges also accounted for a greater percentage of the total charges under all statutes received by the EEOC between FY 2018 and FY 2021 (9.8%) compared to between FY 2014 and FY 2017 (7.7%). Also, between FY 2018 and FY 2021, harassment charges made up 35.4% of the total charges (277,872) received by the EEOC.

***Figure 2.*** *Percent of Sexual Harassment Charges Filed by Women, FY 2018 – FY 2021*

78.2 % of sexual harassment charges were filed by women



***Figure 3.*** *Percent of All Harassment Charges Filed by Women, FY 2018 – FY 2021*

62.2 % of all harassment charges were filed by women



SOURCE: U.S. EEOC, Integrated Mission System, Charge Data, FY 2018 – FY 2021.

Women also continue to file a disproportionate number of the charges filed with the EEOC alleging sexual harassment. Women filed 78.2% of the 27,291 sexual harassment charges received between FY 2018 and FY 2021 (see Figure 2). Additionally, women filed 62.2% of the 98,411 total harassment charges alleging any bases (e.g., race, national origin) received between FY 2018 and FY 2021 (see Figure 3).

Figure 4 provides the percent of total sexual harassment charges concurrently filed with a charge of race discrimination between FY 2018 and FY 2021. Of the 1,945 sexual harassment charges filed concurrently with a race charge, 71.2% designated Black/African American as the relevant race.





**Figure 4.** *Percent of Sexual Harassment Charges Concurrently Filed with Race Charges, FY 2018 – FY 2021*

SOURCE: U.S. EEOC, Integrated Mission System, Charge Data, FY 2018 – FY 2021.

Additionally, of the 797 sexual harassment charges filed concurrently with a national origin charge between FY 2018 and FY 2021, 37.6% of the charges designated Hispanic and 15.7% designated Mexican national origin.

Charges alleging sexual harassment and retaliation are often linked. Figure 5 provides the percent of total sexual harassment charges concurrently filed with a charge of retaliation between FY 2018 and FY 2021. Of the 27,291 sexual harassment charges filed, 43.5% were concurrently filed with a retaliation charge.



**Figure 5.** *Sexual Harassment Charges Concurrently Filed with Retaliation Charges, FY 2018 – FY 2021*

SOURCE: U.S. EEOC, Integrated Mission System, Charge Data, FY 2018 – FY 2021.

reputation maliciously destroyed because of slanderous rumors which were not true. The video should have been brought into evidence. I thought the levels of government were city, state, then federal. I thought I filed my complaints correctly. I had no way of having DOJ served with a summons. I just did not know what else I could have done to show if it was not for DOJ's negligence, then I would not still be discussing this case that was handled illegally by NYC Comptroller's General Counsel's office, EEO Officer, and management.

EEO Officer Diane Randall Jones is the NYC Comptroller's Reasonable Accommodation coordinator. I submitted medical documentation in 2022 and 2023, but I was denied. My medical team wanted me to work from home, so that I could heal. I was granted FMLA in 2022, to take a medical leave of absence after the fraudulent suspension, to try to relax. I was also given an intermittent FMLA from 2022 to 2023 for Wednesdays because the entire agency must report to work on Wednesdays. I did not want to interact with those who testified against me to have me terminated. I would hear certain comments or jokes made about the trial and no one knew the general counsel did not investigate.

I applied again for reasonable accommodation in 2024-2025 using the same medical professionals. In 2024, Diane Randall Jones finally asked me to sign a HIPPA and spoke to my therapist, who confirmed that I need to work remotely for me to heal from PTSD. I was given 10 months to work remotely. I had to update medical information every 90 days. When I submitted my reasonable accommodation at the beginning of June, Diane Randall Jones spoke to my therapist who gave her the same answers she had been given her. Diane Randall Jones spoke to management, and they decided to amend my request and transfer me to another floor.

According to ADA laws, Diane Randall Jones was supposed to meet with me first for an interactive dialogue, so we could come up with a solution that would best serve me without causing the agency any hardships. Also, the EEO Officer and management is not supposed to transfer anyone who asked for reasonable accommodation, under the Disability Act without a conversation because it could make an employee feel ostracized. Diane Randall Jones violated 2 of the ADA laws and she is the ADA coordinator. Diane Randall Jones has approved of my manager Jean Corbett's request for reasonable accommodation from 2020 until the present day and Jean has not worked a full year in the office since 2019. I do not supervise anyone. I do not interact with the public, so working remotely does not put a hardship on the NYC Comptroller's Office. Jean Corbett, however, is a manager and she

**Keisha Hogans**

| | |
|---|---|
| **From:** | DOJ Civil Rights - Do Not Reply <civilrightsdonotreply@mail.civilrights.usdoj.gov> |
| **Sent:** | Tuesday, April 25, 2023 11:37 AM |
| **To:** | khogans1@nyc.rr.com |
| **Subject:** | Response: Your Civil Rights Division Report - 285630-PHD from the Employment Litigation Section |



Dear Keisha Hogans,

You contacted the Department of Justice on April 24, 2023. After careful review of what you submitted, we have decided not to take any further action on your complaint.

# What we did:

Team members from the Civil Rights Division reviewed the information you submitted. Based on this information, our team determined that the federal civil rights laws we enforce do not cover the situation you described. Therefore, we cannot take further action.

Your report number is 285630-PHD.

# What you can do:

Your issue may be covered by other federal, state, or local laws that we do not have the authority to enforce. We are not determining that your report lacks merit.

Your state bar association or local legal aid office may be able to help with your issue even though the Department of Justice cannot.

1

**Keisha Hogans**

| | |
|---|---|
| **From:** | DOJ Civil Rights - Do Not Reply <civilrightsdonotreply@mail.civilrights.usdoj.gov> |
| **Sent:** | Wednesday, April 12, 2023 10:07 AM |
| **To:** | khogans1@nyc.rr.com |
| **Subject:** | Response: Your Civil Rights Division Report - 279805-PSC from the Employment Litigation Section |

Dear Keisha Hogans,

You contacted the Department of Justice on April 11, 2023. After careful review of what you submitted, we have determined that your report would more appropriately be handled by another federal agency.

What we did:

Your record number is 279805-PSC.

Team members from the Civil Rights Division reviewed the information you submitted. Based on your report, our team determined that you alleged employment discrimination or other employment-related issues.

Federal law limits the Department of Justice's ability to take direct action under certain situations. Based on our team's review of your report, this includes your matter.

What you can do:

We are not determining that your report lacks merit. Rather, another federal agency may be able to help in your situation.

We have included a list of federal agencies that may be able to help. You should reach out to the appropriate agency if you want to pursue this further.

NOTE: There are strict time limits for filing complaints related to employment discrimination. If you feel you have been discriminated against in employment, you should contact the appropriate agency as soon as possible.

I EXPERIENCED...

Employment discrimination based on: race, color, national origin, religion, sex (including pregnancy, sexual orientation and gender identity), age, disability, or retaliation.

AGENCY THAT MAY BE ABLE TO HELP

Equal Employment Opportunity Commission (EEOC)

File online: eeoc.gov/filing-charge-discrimination
Contact by phone: 1-800-669-4000
File in-person at your nearest EEOC Office: www.eeoc.gov/field-office

I EXPERIENCED...

AI Mode    All    News    Images    Short videos    Videos    Forums    More ▾                                    ⚙    ⠿    Sign in

# what federal agency deal with denial of due process violations

In the United States, several federal agencies deal with violations of due process, depending on the context of the violation.

- The Department of Justice Civil Rights Division enforces federal laws protecting civil and constitutional rights, including those related to due process. They investigate and prosecute individuals and organizations who violate civil rights laws, **according to the Department of Justice website**.

- The Federal Bureau of Investigation (FBI) is the primary federal agency responsible for investigating violations of federal civil rights statutes, including due process violations, especially when they involve law enforcement or hate crimes.

- The Office for Civil Rights (OCR) at the Department of Education handles complaints of discrimination in educational settings, **according to the U.S. Department of Education website,** including issues related to due process for students with disabilities.

- The Merit Systems Protection Board (MSPB) addresses due process issues in federal employment, safeguarding employees' rights in adverse employment actions, according to fedemploymentattorneys.com. 🔗

If you believe your due process rights have been violated, you can consider contacting the most relevant agency based on the nature of the situation. For example, if it involves law enforcement, you would likely contact the FBI or the Department of Justice Civil Rights Division. If it's related to education, the Office for Civil Rights would be the appropriate contact. 🔗

AI responses may include mistakes. For legal advice, consult a professional. **Learn more**

👍    👎

---

 8 sites

**Civil Rights | Federal Bureau of Investigation - FBI**
Civil Rights. The FBI is the primary federal agency responsible for...

🔵 FBI (.gov)   ⋮

**How the Office for Civil Rights Handle**
Resolution of the Complaint after a Det Non-Compliance. If OCR determines th

🔵 U.S. Department of Education (.gov)   ⋮

**How does the FBI protect the civil rights of people in the ...**
How does the FBI protect the civil rights of people in the United States...

🔵 FBI (.gov)   ⋮

Show all

---

Ask anything                                    🎤    📷



# CIVIL RIGHTS DIVISION

## Equal Employment Opportunity, Anti-Harassment, & Whistleblower Protection Policy

---

## I.   Equal Employment Opportunity

Consistent with its mission of enforcing the nation's civil rights laws, the Civil Rights Division is an equal opportunity employer and is fully committed to providing a workplace free from discrimination, harassment and retaliation. All Division employees are expected to treat others with respect, fairness and professionalism at all times.  The Division prohibits discrimination against or harassment based on:

- Race
- Color
- Religion
- National origin
- Age
- Genetic information
- Political affiliation
- Membership or non-membership in an employee organization

- Sex (including pregnancy)
- Gender identity
- Sexual orientation
- Disability (physical or mental)
- Status as a parent
- Marital status
- Military service
- Personal favoritism or other non-merit factors

Such factors may not be considered, except as permitted by law, in taking, recommending or approving personnel actions, including hiring, staffing, assignments, reassignments, training, details, promotions, awards, adverse actions, and determining who will be on hiring committees or working groups. The Division's policy is consistent with federal statutes, including Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act, Executive Orders and Department of Justice policies.

In addition to federal anti-discrimination laws, Division employees must adhere to the requirements of the Civil Service Reform Act, 5 U.S.C. §§ 2301-2302, which includes among the prohibited personnel practices discrimination on a number of bases related to personnel actions.  Division employees authorized to take, direct others to take, recommend or approve any personnel action shall not:

- discriminate *for or against* an employee or applicant based on race, color, religion, sex, national origin, age, disability, marital status, or political affiliation;

- solicit or consider oral or written employment recommendations unless such recommendations are based on personal knowledge or records of job-related abilities or characteristics;

- coerce the political activity of any person or take any action against any employee or applicant as a reprisal for his or her refusal to engage in such political activity;

- deceive or willfully obstruct anyone's right to compete for employment;

- influence anyone to withdraw from competition for any position for the purpose of improving or injuring the employment prospects of any other person;

- grant an unauthorized preference or advantage not authorized by law, rule or regulation to any employee or applicant for employment for the purpose of improving or injuring the employment prospects of any particular employee or applicant;

- engage in nepotism by hiring, promoting, or advocating for the hiring or promotion of relatives for any position within the Department of Justice;

- engage in reprisal for whistleblowing by taking, failing to take, or threatening to take or fail to take a personnel action with respect to any employee or applicant because of:

  - any disclosure of information by the employee or applicant that he or she reasonably believes evidences a violation of a law, rule or regulation, or gross mismanagement, gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety if such disclosure is not specifically prohibited barred by law and if such information is not specifically required by Executive Order to be kept secret in the interest of national defense or the conduct of foreign affairs; or

  - any disclosure to the Special Counsel, the Inspector General of an agency or another employee designated by the head of the agency to receive such disclosures of information, or Congress which the employee or applicant reasonably believes evidences any violation of any law, rule, or regulation; or gross mismanagement, a gross waste of funds, an abuse of authority, a substantial and specific danger to public health or safety, and/or censorship related to research, analysis or technical information;

- take, fail to take, or threaten to take or fail to take a personnel action against an employee or applicant for exercising an appeal, complaint, or grievance right; testifying for or assisting another in exercising such a right; cooperating with or disclosing information to the Office of Special Counsel, the Inspector General, or Congress; or refusing to obey an order that would require the individual to violate a law;

- discriminate for or against any employee or applicant based on conduct (other than criminal convictions) which does not adversely affect the performance of the employee, applicant, or others;

- knowingly take or fail to take, recommend, or approve a personnel action if taking or failing to take such an action would violate a veterans' preference requirement;

2

- take or fail to take any other personnel action, if taking or failing to take action violates any law, rule or regulation implementing or directly concerning merit system principles contained in 5 U.S.C. § 2301; and

- access the medical records of another employee or an applicant for employment as part of, or otherwise in furtherance of, any conduct listed in the bullets above.

5 U.S.C. § 2302; *see also* the Department's Equal Employment Opportunity (EEO) Office's web page at https://www.justice.gov/jmd/eeos and the No Fear Act Notice.

## II.    <u>Harassment & Related Misconduct</u>

Federal antidiscrimination laws and Division and Department policies prohibit harassment and misconduct in the workplace. Harassment and misconduct on the basis of race, color, religion, national origin, age, sex, gender identity, sexual orientation, disability, marital status, genetic information, actual or perceived political affiliation, and any other protected status are strictly prohibited. Unlawful harassment includes unwelcome conduct toward an individual because of his or her sex or other protected status, where the conduct results in concrete job harm (e.g., demotion or failure to hire) or is sufficiently severe or pervasive to create an intimidating, hostile or offensive work environment. **The Division's prohibition against harassment is broader than federal anti-discrimination laws; such conduct constitutes misconduct and violates Division policy even where it does not rise to the level of a violation of law.**

Harassment or misconduct may include conduct by anyone with whom staff interact as part of their job, including supervisors, co-workers, contractors, individuals who work in other DOJ components or other agencies, and non-employees such as vendors, experts, stakeholders and grantees. CRT staff may not engage in harassment or misconduct toward contractors or other non-employees with whom they interact as part of their job.

Examples of prohibited harassment and misconduct include, *but are not limited to*:

- Verbal or written communications, including in e-mails, phone calls, texts, blog comments, social media posts and communications on other internet venues, that contain inappropriate or offensive name-calling, jokes, slurs, profanity, insults, negative stereotyping, threats, teasing, comments about an individual's body or appearance or how their clothing fits, or bullying, including but not limited to communications that are sexual in nature or targeted toward individuals or groups based on their protected status. Such communications include those made via personal and Department-issued devices and equipment.
- Unwelcome sexual advances, pressure for sexual favors or dates, making or threatening to make employment decisions based on an individual's submission to or rejection of sexual advances or pressure for sexual favors or dates, stalking, or giving inappropriate gifts of a sexual nature, even where the individuals involved once had a consensual relationship.
- Nonverbal conduct, such as staring, sexual gesturing or leering.

3

- Unwanted physical contact of a sexual nature, such as sexual assault, groping, rubbing up against or other unwelcome touching.
- Sending, forwarding or displaying derogatory or offensive pictures, images or cartoons in hard copy or electronic form.
- Soliciting, procuring or accepting commercial sex even when off-duty and where it is legal or tolerated.

These examples are not an exhaustive list of all conduct that may constitute prohibited harassment or misconduct.

Off-duty and off-premises conduct, such as on work travel, at conferences, retreats, office happy hours or parties, or using personal devices, may constitute harassment or misconduct where there is a nexus between the conduct and an individual's job and/or the Department's mission. See https://www.justice.gov/policies-and-directives-effect-relating-and-duty-conduct-including-sexual-misconduct and https://www.justice.gov/jmd/eeos/sexual-harassment.

The Division takes complaints of harassment, misconduct and retaliation seriously and, where appropriate, will conduct a prompt and thorough investigation. The Division may take interim measures during the pendency of an investigation to ensure that further misconduct does not occur. The complaint and information learned during an investigation will be kept as confidential as possible except as necessary to conduct a thorough and fair investigation. Where the Division determines that harassment, misconduct or retaliation occurred, it will take prompt corrective action to stop the misconduct and hold the individual who engaged in the misconduct accountable.

III.   **Retaliation**

Division staff are prohibited from retaliating against others, including employees, contractors and applicants, for making a complaint about, assisting someone else in making a complaint or otherwise opposing any conduct made unlawful by such laws or that violates Division or Department EEO, harassment or whistleblower policies; or participating in any stage of administrative or judicial proceedings related to such claims as a complainant, witness or in some other capacity. Prohibited retaliation includes but is not limited to denying or interfering with assignments, awards or promotions; transferring someone to a less desirable position or assigning them less desirable work; unreasonably increasing scrutiny of someone's work; providing negative performance reviews; declining to recommend someone for another job; or taking other actions that would discourage a reasonable person from initiating a complaint or participating in the complaint process.

IV.   **Reporting Processes**

Staff are encouraged to raise complaints about discrimination, harassment, prohibited personnel practices and/or retaliation with their supervisor and/or another manager within or outside of their section, or with the supervisor of the individual engaged in the misconduct, including where that individual works in another section, component or agency (while also alerting their own supervisor). Although not required, if staff feel comfortable and safe doing so, they may opt to

tell the offending individual to stop. Staff or applicants may also raise complaints internally within the Division by contacting the Division's Human Resources Officer (Darlene Rittgers at 202-514-4033 or Darlene.Rittgers@usdoj.gov). Staff covered by the collective bargaining agreement may raise complaints through a union representative and/or the negotiated grievance procedure. *See* 29 C.F.R. § 1614.301. The Division supports informal mediation and alternative dispute resolution and will work with staff or applicants, where appropriate, to resolve complaints informally. Raising a complaint internally within the Division does not constitute filing an EEO complaint and does not toll or otherwise impact the time frames and deadlines for initiating the formal complaint and/or grievance processes. Staff may raise concerns internally while also filing a complaint through the EEO or other processes discussed below.

Complainants may request to remain anonymous, however, anonymity cannot be guaranteed because the Division must address potential harassment and misconduct brought to its attention even where the complainant requests anonymity or that no action be taken.

Staff and applicants may raise complaints outside of the Division by contacting the Department's EEO Office (202-616-4800), the Office of Special Counsel (OSC) (202-653-7188), the Merit Systems Protection Board (MSPB) (202-653-7200), or one of the other federal offices charged with receiving and/or investigating complaints. More information about some of these offices is set forth below.

The Department's EEO Office is a neutral office with EEO counselors available to assist with the complaint process. The EEO Office receives complaints, oversees the administrative investigation of such complaints, and works with complainants and management in facilitating resolution of complaints through mediation. For most types of EEO complaints, employees and applicants must initiate the Department's EEO complaint process **within 45 calendar days** of the alleged discriminatory action. Additional information about the Department's EEO complaint process, which may vary for different types of complaints, is available at https://www.justice.gov/jmd/complaint-processing and 29 C.F.R. § 1614.

The OSC, an independent investigative and prosecutorial agency within the Executive Branch, has authority to investigate complaints alleging prohibited personnel practices, including whistleblower retaliation complaints and complaints alleging discrimination based on membership in various protected categories such as marital status and political affiliation. *See* 5 C.F.R. § 1810.1. Additional information about the OSC and the types of actions within the OSC's jurisdiction is available at https://osc.gov/Pages/PPP.aspx. Staff may also report suspected improper conduct under the Whistleblower Protection Act to their supervisor or another manager, CRT or DOJ leadership, DOJ OIG or Congress. Note that disclosures of information that are prohibited by law or reveal secrets implicating national security or foreign intelligence information should be reported to the OSC or DOJ's OIG. Reporting such information to others may not be a protected disclosure under the WPA. Staff who are unsure whether a disclosure would be protected may contact OSC for guidance.

Alternatively, employees and applicants may challenge certain types of personnel actions (such as removals, demotions, and suspensions for more than 14 days) they believe were taken based on discrimination or in violation of merit system principles by filing an appeal with the MSPB.

Additional information about the MSPB process and the types of actions within the MSPB's jurisdiction is available at https://www.mspb.gov/.

Complaints about waste, fraud, abuse or potentially criminal or serious administrative misconduct, or retaliation for reporting waste, fraud, abuse or misconduct, may also be raised with the Department's Office of Inspector General (OIG). Additional information about the OIG and the types of claims with the OIG's jurisdiction is available at http://www.justice.gov/oig/hotline/whistleblower-protection.htm, or by calling the OIG's whistleblower hotline at (800) 869-4499, or contacting the OIG's ombudsperson at OIG.Whistleblower.Ombudsperson.Program@usdoj.gov.

For complaints related to discrimination or retaliation based on military service, or failure to re-employ following military service, employees and applicants may contact the Department of Labor, Veterans' Employment and Training Service (VETS), which is authorized to investigate and resolve complaints against federal executive agencies such as the Department of Justice. For additional information about the Uniformed Service Employment and Reemployment Rights Act (USERRA), contact VETS at 1-866-4-USA-DOL or https://www.dol.gov/vets. If VETS is unable to resolve a complaint, the employee or applicant may request that the case be referred to the OSC for possible representation. If the OSC is reasonably satisfied that USERRA has been violated, the OSC may initiate an action before the Merit Systems Protection Board. The employee or applicant may also bypass the VETS / OSC process and submit a complaint directly to the MSPB. *See* https://www.mspb.gov/.

The complaint procedures and deadlines may vary for different types of complaints and through different complaint procedures, and where several complaint options are available, employees and applicants may have to choose one option to the exclusion of others. *See, e.g.,* 29 C.F.R. § 1614.301-302. Employees and applicants are encouraged to review the information identified herein or contact the Department's EEO Office for further guidance.

Contractors are encouraged to report harassment or misconduct to their employer, the component's contract officer or program manager, CRT's Human Resources Officer or to their CRT supervisor or Section Chief. Contractors may also contact the Department's EEO Office for guidance regarding the EEO complaint process. This policy does not create any legal rights or remedies for contractors.

V. **Complainant Support**

In addition to the reporting options discussed above, the Division strives to ensure that complainants are treated with dignity and respect, and provide effective support, including:

- Trained professionals in the Department's Employee Assistance Program (EAP) can provide support and assistance, including free counseling services and referrals to therapists or other services for staff, and support in navigating the complaint process. The EAP may be reached at (202) 514-1846 or www.FOH4You.com; staff may also call the WorkLife4You program's 24 hours a day hotline at 1-800-222-0364 or find additional information at www.WorkLife4You.com. EAP staff are required to keep confidential any

information divulged, with certain limited exceptions such as a threat of imminent harm. Contacting EAP does not constitute a complaint to CRT or DOJ. Staff who choose to take advantage of this program may do so on official time after receiving approval in advance from a supervisor or Section Chief.

- EEO counselors in JMD's EEO Office are neutrals who can explain the complaint process and work with complainants and component management to attempt to resolve complaints informally.
- CRT's Human Resources Officer (Darlene Rittgers at 202-514-4033 or Darlene.Rittgers@usdoj.gov) can explain the complaint process.
- CRT management can take interim corrective measures, where appropriate, during the pendency of an investigation. Interim measures may include steps to physically separate the individuals at issue (such as working from other offices or buildings, or working from home), changes in supervision or reporting structures, temporary reassignment of duties, instructions to the subject employee to not have any contact or communications with the complainant and approval of leave. In determining appropriate interim corrective measures, CRT will give weight to the preferences of the complainant but may need to take corrective measures even where the complainant does not request them.
- Support resources for staff dealing with domestic violence, sexual assault or stalking are available at https://dojnet.doj.gov/jmd/hr/topics/domestic-violence.php, which includes information for local service providers (https://www.justice.gov/ovw/local-resources).

## VI.   Reporting Requirement for Supervisors, Managers and Others Working in a Quasi-Supervisory Role

Division supervisors and managers, as well as employees working in a quasi-supervisory capacity (e.g., employees with the authority to direct others on a case or project,[1] or serving on hiring committees), who observe discriminatory, harassing, retaliatory or otherwise unlawful or improper conduct, hear about such conduct from others, or receive any kind of complaint about such conduct, must report it immediately to the Division's Chief Counsel (Diana Embrey at 202-353-2510 or Diana.Embrey@usdoj.gov). This reporting requirement must be met even where the complainant asked that their complaint be kept confidential or that no action be taken. Failure to adhere to this reporting requirement may result in disciplinary action.

## VII.   Discipline for Substantiated Allegations of Discrimination, Harassment, Retaliation, Prohibited Personnel Practices or other Misconduct

Where the Division or another factfinder determines that discrimination, harassment, retaliation, prohibited personnel practices or sexual or other misconduct has occurred, CRT will take appropriate corrective action, which may include termination, demotion, suspension or other disciplinary action. To ensure consistency of penalty, proposing and deciding officials must

---

[1] This applies, for example, to any knowledge attorneys have about possible employment discrimination against paralegals because attorneys have authority to direct the work of paralegals. The reporting requirement also applies to any such knowledge an attorney has about another attorney they are directing on a team as a lead, during the time that authority to direct exists.

consult with CRT's Chief Counsel. The Division will also consider such misconduct in determining awards, promotions and other forms of public recognition, performance ratings, and other favorable personnel actions. See April 30, 2018 Memorandum from the Assistant Attorney General regarding Sexual Harassment and Sexual Misconduct (https://www.justice.gov/policies-and-directives-effect-relating-and-duty-conduct-including-sexual-misconduct).

## VIII. Referral to Office of Inspector General, CRT Security Staff or Law Enforcement

As required by Department policy and regulations, CRT will refer non-frivolous allegations of criminal wrongdoing or serious administrative misconduct, including sexual misconduct, to the OIG and CRT security personnel. 28 C.F.R. §0.29c. The Division may also report conduct that is potentially criminal or poses a safety risk to the Department's Federal Protective Services (FPS) and/or local law enforcement.

## IX. Training

All Division employees are required to take annual EEO/anti-harassment training; and all Division employees involved in the hiring process are required to attend training addressing hiring processes, merit system principles and prohibited personnel practices offered by the Division's Professional Development Office (PDO) prior to working on the hiring committee and must take refresher courses every three years.

## X. Reasonable Accommodations

Consistent with the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794, the Division provides equal employment opportunities to individuals with disabilities, including providing reasonable accommodations to employees and applicants with disabilities and equal access to technology and information. The Division has separate policies posted on its website addressing reasonable accommodations and section 508 compliance. *See* http://mycrt/policies/hr/ra_manual.pdf; Division's 508 portal for Division employees on the intranet; and https://www.justice.gov/crt/section-508-home-page-1.php; *see also* DOJ Reasonable Accommodation Policy and Instruction (justice.gov). For additional information about section 508 matters, *see* www.Section508.gov. Employees or applicants with disabilities who need reasonable accommodations should contact the Division's Reasonable Accommodation Coordinator: Sandra Brown at (202) 616-2688 or Sandra.Brown@usdoj.gov.

Complaints about accommodations may be raised outside the Division with the Department's EEO Office, as described above, or internally within the Division with the employee's supervisor, the Division's Reasonable Accommodation Coordinator (Sandra Brown at (202) 616-2688 or Sandra.Brown@usdoj.gov) or Human Resources Officer (Darlene Rittgers at 202-514-4033 or Darlene.Rittgers@usdoj.gov).

## XI. Religious Accommodations

Consistent with Title VII, 42 U.S.C. §§2000e-2, 2000e(j), the Division provides reasonable accommodations for employees' or applicants' sincerely held religious beliefs or practices where



🇺🇸 An official website of the United States government   Here's how you know

## U.S. Department of Justice
## Office of the Inspector General

MENU

# Whistleblower Rights and Protections

Whistleblowers perform an important service for the public and the Department of Justice (DOJ) when they report evidence of wrongdoing. All DOJ employees, contractors, subcontractors, grantees, subgrantees, and personal services contractors are protected from retaliation for making a protected disclosure. Reports concerning wrongdoing by DOJ employees or within DOJ programs can always be submitted directly to the OIG Hotline.

If you have any questions about any of the information on this web page, or are concerned that you have experienced retaliation for blowing the whistle, you may contact the OIG's Whistleblower Protection Coordinator for additional information. You may also consult the web site of the U.S. Office of Special Counsel (OSC), or review this OSC pamphlet,"Know Your Rights When Reporting Wrongs."

## How to Make a Protected Disclosure

It is unlawful for your employer to retaliate against you for making a "protected disclosure." A disclosure is protected if it meets two criteria:

1. The disclosure must be based on a reasonable belief that wrongdoing has occurred. As explained in the chart below, the definition of wrongdoing varies slightly depending on your place of employment.

2. The disclosure must also be made to a person or entity that is authorized to receive it. Employees who reasonably believe they have evidence of wrongdoing are always protected for submitting that information to the OIG Hotline. However, as explained in the chart below, the other authorized audiences are different, depending on your place of employment.

**DOJ Employees**

**FBI Employees**

**Contractors and Grantees**

**Disclosing Classified Information**

# How to Report Retaliation or Reprisal for Blowing the Whistle

No one should ever be subject to or threatened with reprisal for coming forward with a protected disclosure. It is unlawful for any personnel action to be taken against you because of your whistleblowing. If you believe you have been retaliated against for making a protected disclosure, you may file a retaliation complaint, under the guidelines below.

**Information for DOJ Employees**

**Information for FBI Employees**

**Information for Employees of DOJ Contractors, Subcontractors, Grantees, or Subgrantees or Personal Services Contractors**

**Information for Reporting Retaliatory Security Clearance Action**

# Additional Information

## Whistleblower Protection Coordinator

The Inspector General Act requires the DOJ OIG to designate an individual to serve as the OIG's Whistleblower Protection Coordinator. The OIG's Whistleblower Protection Coordinator carries out a number of key functions, including:

- Educating DOJ employees and managers about prohibitions on retaliation for protected disclosures;
- Educating employees who have made or are contemplating making a protected disclosure

should be in the office. Supervisor Robert Calo has been doing Jean Corbett's in-house responsibilities. Jean Corbett assigns some of her work to staff and Jean should be in the office. Diane Randall Jones approved a new work schedule for Jean Corbett to work from 6:30 am to 2:30 pm because Jean would feel anxious about traveling to work later than this new schedule. This was done under the reasonable accommodation law. No one within my unit works from 6:30 am to 2:30 pm, so Jean would start before staff and leave before staff. Plenty of problems arouse once she left, thus an agency hardship, but Jean would tell us to email or call her.

If the EEO Officer, Mrs. Jones would have followed the ADA laws without prejudice, then I could have completed by healing regime by December of 2025, and my medical team would have switched up prognosis for me to get rid of or lower my anxiety from PTSD. I was denied Reasonable Accommodation and FMLA, despite having licensed medical professionals correctly filling out my paperwork. I spoke to a NYS ADA attorney who told me what I should do because Diane Jones is not a medical professional and cannot say that 10 months was enough time for me to heal from PTSD caused by the fraudulent trial and being denied Due Process. I must address the FMLA violation later because I must focus on this case as well as finding ways to obtain support and legal counsel since I am ProSe. I will not pretend to know the law, but I know that my civil and constitutional rights were violated under both Scott Stinger and Brad Lander's administration. The retaliation has not stopped with the EEO Office and Timekeeping Director, Nicole Duprey. Both women were witnesses for the NYC Comptroller's General Counsel's Office. Either one of them testified, but they both participated in the fraudulent charges. According to EEOC's law, Diane Randall Jones engaged in illegal activity by trying to cover-up EEO violations for the NYC Comptroller's office by filing false reports to NYS Division of Human Rights and EEOC.

Thank you for bringing this Order to Show Cause matter to my attention and allowing me time to respond.

Sincerely,

Ms. Keisha D. Hogans

Contents should be packed to ensure safe transportation.

23-cv-10514(VSB) (OTW)

Express

U.S. District Court
Southern District of New York
U.S. Courthouse
United States Magistrate Judge
Honorable Ona T. Wang
500 Pearl Street
New York, N.Y. 10007

Ms. Keisha Hogans
38 Monroe St Apt EC12
New York, NY 10002

Ms. Keisha Hogans
38 Monroe St Apt EC12
New York, NY 10002